IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE SD CARD CORRESPONDING TO A JOYSTEK SMART VIDEO DOORBELL WITH SERIAL NUMBER 105418982 | Case No. ___7:22mj119___<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Ryan Kennedy, a Special Agent with the Federal Bureau of Investigation, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since August 2021. I currently work in the FBI Richmond, Virginia, Field Office, Roanoke Resident Agency. I am assigned to work a variety of criminal and national security matters, including the investigation of violent crimes, narcotics offenses, and major offenses such as federal bank robberies and the apprehension of federal fugitives. I have received training and gained experience in conducting investigations, interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer crimes, computer evidence identification, and various other criminal laws and procedures.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 3, 1512(c), and 2113 have been committed involving the individuals described below.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

5. The property to be searched is an SD card contained within a Joystek smart video doorbell, serial number 105418982, hereinafter the "Device." The Device is currently located at 310 First Street SW, Roanoke, VA, in the custody of the FBI.

6. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

7. On October 26, 2022, the FBI received a call regarding a bank robbery that had occurred at a Truist Bank branch in Roanoke, VA, which is located within the Western District of Virginia. The FBI responded to the scene and spoke with officers from the Roanoke City Police Department, who were already present. According to the officers and surveillance footage, at approximately 9:20 a.m., a Black man entered the Truist Bank at 2230 Melrose Avenue, Roanoke, VA. The man was wearing an orange beanie, glasses, a blue surgical mask, a black coat with a hoodie underneath, and dark pants and had with him a gray Wells Fargo bag. The man approached the window and handed the teller a note. The note demanded at least $5,000 in cash, and it instructed the teller not to hit any alarms or to add any dye packs. The teller took money from the

2

top drawer and put it into a bag. The man then moved to another teller, who did the same. The man displayed a firearm at one point, and after receiving the bag of cash he left the building. The total amount of cash he received was $6,485.

8. On October 28, 2022, at approximately 9:35 a.m., a Black man wearing an orange or tan beanie, glasses, a blue surgical mask, a black coat with a hoodie underneath, and gray and black pants, and carrying a purple bag with writing, entered the Truist Bank at 112 McClanahan Street SW, Roanoke VA. The man approached the teller and presented a handwritten note requesting cash from the teller. The teller provided an amount of cash that investigators later determined to be $5,969. The man then put the cash in the purple bag, retrieved the note, and left the bank.

9. On November 10, 2022, at approximately 9:14 am, a Black man entered Old Point National Bank, located on 11751 Jefferson Ave, Newport News, VA. 23601, and handed the teller a handwritten note instructing that if she remained silent and calm she would not get shot. The man also instructed the teller not to use any dye packs or trigger any alarms. The man held a bag in one hand and pointed a black handgun at the teller. The teller put $4,472 in the man's bag and included a GPS tracker in the bag. The man departed the bank with the bag containing the money and the tracker. The Newport News Police Department then used live GPS updates from the tracker to locate the man. The Newport News police located the man inside a vehicle and determined his identity to be Michael Anthony McCoy. Mr. McCoy was taken into custody and remains in the custody of the Newport News Police Department.

10. On November 11, 2022, FBI Task Force Officer Fatima Foster interviewed an individual whose initials are "D.D." D.D. is a friend of McCoy who was driving the vehicle in which McCoy was found when the Newport News Police Department arrested him. D.D. stated

that McCoy came to her on October 26, 2022, shortly after 11:00 am and stated he had "got him one." When D.D. asked McCoy what he had meant, he stated, "a bank." McCoy was driving a black Chrysler 300 that D.D. knows McCoy to own. A DMV query shows a Michael Anthony McCoy as the registered owner of a black 2013 Chrysler 300 with a registered address of 4102 Virginia Ave NW, Apt 18, Roanoke, VA, 24017.

11. On November 13, 2022, the FBI and Roanoke City Police executed a state-authorized search warrant at 4102 Virginia Ave NW, Apt 18, Roanoke, VA, 24017. Items seized included a gray Wells Fargo bag matching the one used by the man who committed the October 26 bank robbery, a purple bag matching the bag used by the man who committed the October 28 robbery, multiple orange hats matching the one worn by the man who committed the October 26 robbery and possibly matching the one worn by the man who committed the October 28 robbery, and gray and black pants matching those worn by the man who committed the October 28 robbery. Also seized was a doorbell camera and an SD card contained within (the Device).

12. Although law enforcement observed that the black Chrysler 300 was parked in the parking lot at 4102 Virginia Avenue the day before the execution of this search warrant, on the day the warrant was executed, the car had disappeared. The car was later discovered abandoned in a church parking lot off of Huntington Boulevard Northeast in Roanoke.

13. The Device was originally located in the middle of the front door of 4102 Virginia Ave NW, Apt 18. The front door is outside, on the second floor, and it faces the street and parking lot. The camera lens on the Device pointed outward, towards the street and parking lot, and was able to capture anyone entering, exiting, and passing by the apartment in front of the door. It also may have been able to capture activity in the parking lot.

14. The government is seeking a search warrant to search the Device for information stored inside it, including information that can help identify who occupied 4102 Virginia Ave NW, Apt 18. The government also intends to review the camera footage from October 26, 2022, and October 28, 2022, for particular information, such as to determine what time McCoy left the apartment and what time he returned, what McCoy was wearing and was carrying when he left the apartment and when he returned, and to determine whether there was anyone with him. The government also intends to review the camera footage from November 12, 2022, and November 13, 2022, to see whether the camera may have captured who moved the Chrysler 300. The government also intends to review the camera footage after Mr. McCoy's November 10 arrest to see whether anyone else entered the apartment and may have tampered with other evidence.

15. The Device is currently in storage at 310 First Street SW, Roanoke, VA. In my training and experience, I know that the Device has been stored in a manner in which its contents have been, to the extent material to this investigation, maintained in substantially the same state as they were when the Device first came into the possession of the FBI.

### TECHNICAL TERMS

16. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also

5

include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

17. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a digital camera. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who was going in and out of McCoy's apartment on the dates in question.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

18. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

19. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when, as well as any footage captured on the dates in question. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

6

 c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

 d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

 e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

21. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the

physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

22. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

*Ryan Kennedy*
Ryan Kennedy
Special Agent
FBI

Subscribed and sworn to before me on December 9, 2022

*Robert S. Ballou*

Honorable Robert S. Ballou
UNITED STATES MAGISTRATE JUDGE

8